YOUNG *v.* LEE.

1. EXPLOSIVES—PYROFAX GAS EQUIPMENT—INSTALLATION—OWNER'S KNOWLEDGE.
   Owners of house in which defendant vendor installed equipment for using pyrofax gas that is heavier than air could not be expected to know as well as defendant that such gas is hard to vent or what changes, if any, in water heating equipment previously installed would be required to make it ready to burn such gas where it is fairly inferable from the order as given that vendor was to make all the necessary changes and adjustments of the water heater to convert it to the use of pyrofax gas.

2. NEGLIGENCE—DEFINITION.
   Negligence is absence or want of care under the circumstances.

3. SAME—DANGEROUS AGENCIES.
   A higher degree of care is required in dealing with a dangerous agency than in the ordinary affairs of life or business, which involve little or no risk, and, since no absolute standard can be fixed by law, every reasonable precaution suggested by experience and the known danger ought to be taken.

4. EXPLOSIVES—PYROFAX GAS EQUIPMENT—INSTALLATION—QUESTIONS OF FACT—PROXIMATE CAUSE.
   In action by buyer, a house owner, against vendor who installed pyrofax gas equipment for plaintiff's cookstove and was then ordered to connect it with a water heater, testimony *held*, to have presented issues of fact as to whether installing a vent pipe on the water heater would have been effective to carry off the gas and as to what was the proximate cause of the explosion which damaged plaintiff's property.

5. SAME—NEGLIGENCE—BURDEN OF PROOF—PYROFAX GAS.
   Buyer, seeking to recover damages for explosion of pyrofax gas for use of which defendant vendor had installed equipment in

Liability of vendor of chattel known to be dangerous, see 2 Restatement, Torts, § 399.

buyer's house, had burden of establishing that the proximate cause of the explosion was the absence of a vent pipe for a water heater to which the equipment was connected and that defendant did not use reasonable care in making connections to the water heater.

Appeal from Berrien; Evans (Fremont) J. Submitted June 6, 1944. (Docket No. 1, Calendar No. 42,671.) Decided November 30, 1944. Rehearing denied January 11, 1945.

Case by May Young against A. Roy Lee for damages to property caused by an explosion. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed and new trial granted.

*Theron D. Childs, Jr.,* and *White & White,* for plaintiff.

*Travis, Merrick, Varnum & Riddering (Laurent K. Varnum,* of counsel), for defendant.

Reid, J. Plaintiff's claim is for damages to her residence and personal property caused by an explosion in the basement of her house on August 27, 1942. The negligence alleged is failure to install a vent pipe to a water heater to draw off escaping pyrofax gas. Construction of the house was completed April 1, 1937. An oil-burning furnace was installed in one corner of the basement. An electric pump supplied water from wells. A plumber, Mr. Royce, furnished and installed a Hercules water heater in the diagonally opposite corner of the basement without placing a vent pipe to carry off escaping gas, and did "all the water pipe work" in the house. In June, 1937, plaintiff and her husband procured pyrofax gas equipment from defendant for their cookstove, on a written order, Exhibit C.

Plaintiff testified:

"Mr. Lee's man  *  *  *  late one afternoon * * * came in a truck * * * and hooked up the * * * copper tubing to the (cook) stove and he was a little bit peeved because it was late.  *  *  *  He was ready to go and I said, 'How about the hot water heater?' He said, 'I don't have enough tubing for that.' So he went back and got more tubing * * * and came back and he hooked up the hot water heater in the basement to the  *  *  * pyrofax tanks on the outside (of the house)."

She later testified:

"I relied upon that gas man to do my job."

Exhibit C required defendant to make inspection and certain necessary changes in the cookstove to fit it to burn pyrofax gas, including proper orifices, new burners designed for pyrofax gas, and provided for proper heat control.

It can fairly be inferred that the order as to the water heater given as above quoted from plaintiff's testimony included all necessary changes and adjustments of the water heater to convert it to the use of pyrofax gas, which was done in the cookstove job just finished.

There is competent testimony to show that even a slight examination of the heater would disclose the lack of a vent pipe. Pyrofax is a heavy gas and will settle to the floor, but a suitably installed vent pipe would vent the gas out of the building, according to the testimony of witness Cole, who further testified:

"These bottled gases or liquified petroleum gases are all heavier than air and would fall to the floor and blanket. Butane is heavier than propane. By 'blanket' I mean lay in a stratum near the floor,

very similar to water  *  *  *  They do mix with the air—but they lay more like a fog in a meadow and they would gradually spread.  *  *  *  Natural and artificial gases are lighter than air. The products of combustion of both of these gases would merely flow up the flue, but if you let the raw gas out and did not burn it, these gases  *  *  *  would go up the flue, being lighter than air, whereas propane and butane, the heavier gases, would lie on the floor  *  *  *·

"*Q.* Assuming that it (a vent pipe) was installed with a tight junction at the top of the down-draft diverter and extended out the window or through the upper part of the heater into the atmosphere to a height 4 or 5 feet above the top of the roof *  *  *

"*A.* In my opinion, it would have taken the gases out of the room."

The difference in weight between pyrofax and natural or artificial gases indicates a duty on the part of defendant, in conditioning the heater which was to burn pyrofax rather than the lighter gases, to examine and adjust the vent to take care of any heavy gas which might escape, provided such vent pipe would accomplish that purpose.

Testimony was given tending to show that it was the custom among plumbers to install a vent when an automatic hot water heater was used as in this case, and that it is common knowledge of the plumbing industry in that community that automatic cut-offs sometimes do not work. The owners could not be expected to know as well as defendant that pyrofax is a heavy gas hard to vent or what changes, if any, would be required in the heater to make it ready to burn defendant's gas, whether as to the burner, the vent, or any other necessary change. All those possible questions were left to defendant's

judgment without suggestion, instruction or limitation.

The foregoing matters differentiate this case from *Fleegar* v. *Consumers Power Co.*, 262 Mich. 537, in which defendant had no knowledge of a leak in a pipe not installed by it and defendant was not required to alter the pipe. Defendant cites many other cases including *Triplett* v. *Alabama Power Co.*, 213 Ala. 190 (104 South. 248), and *Cadogan* v. *Boston Consolidated Gas Co.*, 290 Mass. 496 (195 N. E. 772), in each of which cases no change of the heater was indicated as being necessary to fit the heater to burn the particular gas to be furnished.

Under the circumstances of this case it must be held as a matter of law that defendant was bound to use reasonable care in connecting pyrofax gas to the water heater so that the same should be reasonably safe for the use contemplated.

Plaintiff's brief cites *Grinnell* v. *Carbide & Carbon Chemicals Corp.*, 282 Mich. 509, 529:

"The record shows that under certain conditions the use of pyrofax may cause an explosion more powerful than dynamite."

Also, on p. 521 of the same opinion we say, referring to the installation of pyrofax gas connection:

"The * * * installation was an imminently dangerous one since it was in a box inside the boat and unvented to the outside. Yet the defendant continued to supply the chemical. Having knowledge of this hazardous installation, it was negligent of the defendant to deliver *any* type of tank whatsoever."

Plaintiff further appropriately cites from *Fredericks* v. *Atlantic Refining Co.*, 282 Pa. 8, 13 (127 Atl. 615, 38 A. L. R. 666):

"Negligence is absence or want of care under the circumstances. A higher degree of care is required in dealing with a dangerous agency than in the ordinary affairs of life or business, which involve little or no risk. No absolute standard can be fixed by law, but every reasonable precaution suggested by experience and the known danger ought to be taken."

The trial judge ruled that defendant owed to plaintiff no duty to install and connect a vent to the water heater when he connected it with gas and for that reason directed a verdict for the defendant.

The testimony in the case presents an issue of fact as to whether installing the vent pipe would have been effective to carry off the gas. Unless the jury finds that the installation of a vent pipe would be effective, defendant's failure to make the installation cannot be a ground of recovery. An issue of fact is also presented by conflicting testimony as to the proximate cause of the explosion, whether it was caused by the absence of the vent pipe or by reason of a defective bimetal cut-off valve or some other cause. Plaintiff has the burden of establishing the fact that the proximate cause of the explosion was the absence of the vent pipe and that defendant did not use reasonable care in connecting the pyrofax gas to the water heater, otherwise she cannot recover.

For other authorities bearing upon the duty of the defendant as to connecting of gas, see *Scarborough* v. *Central Arizona Light & Power Co.*, 58 Ariz. 51 (117 Pac. [2d] 487, 138 A. L. R. 866); *Moran Junior College* v. *Standard Oil Company of California*, 184 Wash. 543 (52 Pac. [2d] 342); 25 A. L. R. 272; 47 A. L. R. 490; 138 A. L. R. 870. See, also, *Holsclaw's Adm'r* v. *Louisville Gas & Electric Co.*, 267 Ky. 56 (100 S. W. [2d] 805); *Wilson Gas*

*Utilities Corp.* v. *Baker,* 276 Ky. 368 (124 S. W. [2d] 489); *Conway* v. *Philadelphia Gas Works Co.,* 336 Pa. 11 (7 Atl. [2d] 326); 12 R. C. L. p. 909.

The judgment for defendant is reversed for the reasons given, and a new trial is ordered to determine the issues of fact above indicated. Costs to plaintiff.

North, C. J., and Starr, Wiest, Butzel, Bushnell, Sharpe, and Boyles, JJ., concurred.