Paul J. ROLLINS et al., as Administratrix of the Estate of B. F. Burton, Deceased, Appellants,

v.

Edward W. AVEY, Individually and as Trustee under Will of W. S. Avey, Deceased, d/b/a W. S. Avey Company, et al., Appellees.

Court of Appeals of Kentucky.

Nov. 30, 1956.

Noah J. Geveden, Wickliffe, Reed & Hines, Paducah, for appellants.

Flavious Martin, Mayfield, Charles A. Williams, George R. Effinger, Wheeler & Marshall, Paducah, for appellees.

CLAY, Commissioner.

This suit was brought to recover damages for personal injuries and destruction of property caused by an explosion which destroyed the home of the plaintiff appellants. Joined as defendants were the manufacturer of a gas floor furnace, the wholesaler, the seller, the installer and others. The trial court directed a verdict for all of the defendants on the ground that the furnace was not shown to have caused the accident.

The explosion took place 30 or 40 minutes after a new gas floor furnace had been installed in plaintiffs' residence. Plaintiff, Mrs. Rollins, was operating an electric vacuum cleaner in the living room where the furnace had been installed. Suddenly there was a terrific explosion which impelled her, along with the furnace, to the ceiling. Her father, who was in the basement, was badly burned at the same time. The house immediately caught fire and was completely destroyed. There was no evidence that the furnace itself had exploded or was destroyed.

At the time of the ocurrence there were three other gas appliances in the house which were in operating condition. There was an automatic gas water heater in the basement, a range in the kitchen and a gas heater in one of the rooms. The fuel to these outlets was supplied from a different butane source than that of the furnace.

Plaintiffs' claims are based upon negligence and breach of warranty. It is their contention that under the doctrine of res ipsa loquitur they were entitled to go to the jury on the question of whether or not the furnace was defectively manufactured or was negligently installed. The difficulty with their. position is that their proof did not identify the furnace or its installation as the immediate cause of the explosion. Plaintiffs admit in their brief that "direct proof of the precise cause of the explosion is unavailable". This deficiency is fatal to their claims.

The only causal fact proved was that there was an explosion, obviously resulting from the presence of gas in the house. It is true that the new gas operated furnace had just been installed, and it is certainly possible that its defective condition or improper installation may have allowed gas to escape. On the other hand, it would be just as reasonable to infer that the condition which engendered the explosion was created by or attributable to the existence or operation of the other gas appliances in the house.

Plaintiffs would have us apply the doctine of res ipsa loquitur as a substitute for proof of the instrumentality bringing about the explosion. This would extend the doctrine beyond its permissible scope. The rule creates an inference of negligence arising from an identifiable event. It assumes that the instrumental cause of the accident has been established.

Here there is no such proof. Plaintiffs' claims are based on the contention that the instrumental cause of the explosion can be *inferred* from the installation of the gas furnace and that defendants' negligence (or breach of warranty) may be *inferred* from the nature of the occurrence. Plaintiffs do not sustain the ·burden of proof by the compounding of inferences. As stated in Le Sage v. Pitts, 311 Ky. 155, 223 S.W.2d 347, 352:

> "An inference may be drawn from a clearly established fact, but, if the conclusion is drawn upon a fact dependent for proof of its existence upon a prior inference, the evidentiary fact is too remote to support the conclusion. Where, as here, the ultimate inference is based upon an inference which in turn is based upon a prior inference, depending upon an even more remote inference, the conclusion does not rise above the dignity of mere speculation, because a pyramiding of inferences never has been regarded as sound reasoning and always has been held not to be a permissible predicate for a conclusion."

To establish the liability of defendants the plaintiffs must prove: (1) the *instrumentality* causing the injury, and (2) the *negligent act* causing the instrumentality to do harm. By invoking the ·doctrine of res ipsa loquitur in appropriate cases, circumstantial evidence may be sufficient to establish by inference item 2, the negligent act. Raising this inference of negligence, however, is not alone¯ sufficient because the plaintiff has the burden of proving that the negligence was a substantial factor

in the result, or was the proximate cause of the injury. See Prosser on Torts, Second Edition, Chapter 8, pages 218, 222. The thread of causation must begin with item 1, an identifiable instrumentality. If this must likewise be inferred, then the manner in which the accident occurred rests in surmise or speculation, and the plaintiff is not permitted to recover even though there is evidence supporting the charge of negligence. Hearell v. Illinois Cent. R. Co., 185 Ky. 41, 213 S.W. 561; Chesapeake & O. Ry. Co. v. Conley's Adm'x, 261 Ky. 669, 88 S.W.2d 683; City of Ashland v. Burley, 265 Ky. 176, 96 S.W.2d 581; Pedigo v. Roseberry, 340 Mo. 724, 102 S.W.2d 600.

■ Since plantiff failed to prove with any degree of definiteness that the furnace, manufactured, sold and installed by the defendants, was the instrumental cause of the explosion, any inference of negligence as the proximate cause thereof must be based upon conjecture, surmise and guesswork. Under such circumstances the plaintiffs have failed to make out a case of liability and the trial court properly directed a verdict for the defendants. See Rural Natural Gas Co. v. Arvin, Ky., 270 S.W.2d 610; McAtee v. Holland Furnace Co., Ky., 252 S.W.2d 427; Franklin v. Skelly Oil Co., 10 Cir., 141 F.2d 568, 153 A.L.R. 156.

■ What we have said above with respect to the failure to prove what caused the explosion makes it clear that there is no basis for the claim of breach of warranty.

■ Plaintiffs further urge reversal on the ground that the court erred in refusing to admit in evidence the depositions of two experts who had examined the furnace some 8 or 10 months after the accident. The substance of their testimony was that one of the pipe joints on the furnace had been defectively manufactured or connected. It was brought out that the furnace had been left with the remains of the destroyed house for a considerable portion of this 8 to 10 month period, thereby exposing it to the elements and the possibility of tampering. There was no showing that at the time the furnace was inspected by the experts its condition was the same as it had been immediately after the explosion. This was a condition precedent to the admission of the evidence sought to be introduced. Chesapeake & O. Ry. Co. v. Pittman, 292 Ky. 331, 166 S.W.2d 443. In the absence of such a showing, the evidence was properly excluded.

The judgment is affirmed.