**Hobson L. JAMES, Administrator of the Estate of Frank D. PFEFFER, Deceased, Appellant,**

v.

**James E. ENGLAND et al., Appellees.**

Court of Appeals of Kentucky.

June 23, 1961.

As Modified on Denial of Rehearing Oct. 13, 1961.

**360** ■ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

for wrongful death, directed a verdict in favor of the defendants at the close of plaintiff's evidence. The administrator of the estate of Frank D. Pfeffer brought the action in behalf of decedent's widow and infant child, claiming the death to have been caused by the negligence of James E. England, J. W. Bird, V. R. Swango and the Louisville Gas and Electric Company.

In June of 1957, Frank D. Pfeffer and his wife rented from appellee England cabin 22 in Radcliffe, Kentucky, near Fort Knox. Living with them was their infant child and Dorothy Metz, sister-in-law of the deceased. The cabin at that time was heated by means of a floor furnace burning bottled gas. In October of 1957, England contracted with appellees Bird and Swango to change the heating system to natural gas in all 25 cabins owned by England. This was done by converting the appliances of all cabins to the use of natural gas. Appellee Louisville Gas and Electric Company furnished England with natural gas for fuel, and had a representative present when Bird and Swango did their work.

On Saturday, December 7, 1957, a dark, rainy day, the decedent, his wife, their baby, and Miss Metz were in the cabin about 3:30 p. m. when all suddenly fell unconscious. The baby and the decedent were in the bedroom. They were discovered the next morning about 8:30 a. m. by Mrs. Hughes, who noticed the smell of gas when she entered the cabin. The cabin was very hot and she turned the thermostat down.

Since decedent was a soldier, his illness (at that time) was investigated by the criminal investigators for the Army, who arrived at the cabin between 10:00 and 10:30 a. m. that same Sunday morning. They found the pilot light on the stove and the furnace still burning. Frank D. Pfeffer died the next day, Monday, December 9, 1957.

Appellant's theory of the case is that the decedent was asphyxiated and died from carbon monoxide poisoning because (1) the

---

Raymond C. Stephenson, Louisville, J. E. Wise, Elizabethtown, for appellant.

Hatcher & Lewis, L. A. Faurest, J. R. Layman, J. Howard Holbert, Elizabethtown, for appellees.

**WILLIAMS, Judge.**

This is an appeal from a judgment of the Hardin Circuit Court which, in this action

landlord, England, failed to comply with the standards of safety applicable to all rental property in the state; he was negligent in adapting the premises for the use of natural gas; he failed to properly vent the cabin; and he improperly converted the furnace by enlarging the orifice so that gas flames burned too high and unburned gas and gas fumes escaped into the Pfeffer cabin; (2) the appellees, Bird and Swango, performed negligent acts; and (3) Louisville Gas and Electric Company employees were on notice that the decedent's premises did not have an appliance adaptable for the use of natural gas and knew or should have known that the use of natural gas in that cabin was dangerous.

■ The single controlling question on a motion for a directed verdict, either at the close of plaintiff's evidence, or at the close of all evidence, is whether the plaintiff has sustained the burden of proof by "more than a scintilla of evidence," the quoted phrase having reference to evidence of probative value having fitness to induce conviction in the minds of reasonable men. Wadkins' Adm'x v. Chesapeake & Ohio Railway Co., Ky., 298 S.W.2d 7.

■ The evidence shows that Pfeffer's cabin and all of England's cabins had gas refrigerators, gas floor furnaces, and gas stoves. It was not shown that there had ever been a malfunction in the heating system used by each of England's cabins. There was testimony that the appliances in cabin 22 had worked properly from October till December, with the exception of one time when the pilot light had gone out on the furnace. A man came in a Louisville Gas and Electric Company truck and relit the furnace. Neither England nor any of his employees or agents had ever performed any maintenance or rendered any services on the appliances.

The outside vent pipe reached only halfway up the side of the cabin and there was a black carbonaceous deposit around the trap of the vent pipe. Apparently this condition had existed for some time and was noticeable and was noticed, according to the testimony of Mrs. Pfeffer.

The autopsy was performed by Dr. E. J. Faddell, a colonel in the medical corps stationed at Fort Knox. In answer to a hypothetical question he stated the cause of death was carbon monoxide poisoning. However, he also stated that the only thing he could tell from his examination and the tests made was that Pfeffer died of a lack of oxygen, and that had he been poisoned by gas the result of the autopsy would have been the same.

R. L. Plummer, an engineer with the Department of Safety, Fire Prevention Division, made an inspection of Pfeffer's cabin in October of 1958. Plummer's testimony of what he observed ten months after the accident was not admitted in evidence by the trial court. There was no showing that the cabin and its fixtures were in the same condition as when the incident happened, a condition precedent to the evidence's admissibility. Rollins v. Avey, Ky., 296 S.W.2d 214.

W. P. DeWeese and L. L. Barnes, of the Louisville Gas and Electric Company, testified that the conversion to natural gas consisted of changing pipes and that they did not see anything wrong with the installation.

Such is the evidence of the case and we now hold that appellant failed to prove a cause of action, viewing the evidence as favorably as we can to the appellant. Slusher v. Brown, Ky., 323 S.W.2d 870.

It was not alone sufficient for appellant to show that death occurred, but he was bound to show that the death resulted from the negligence of the appellees. There was no testimony that the conversion to natural gas was done in an unworkmanlike manner. The furnace had not caused any trouble since it was installed. The cabin was small, four people were present that day, the

thermostat controlling the furnace was set high and the heat was excessive. These three factors combined could have caused the lack of oxygen.

The appellant failed to prove the cause of death, or any negligent act which reasonably could be determined to have been the cause. See Rollins v. Avey, Ky., 296 S.W.2d 214; Young v. Lee, 310 Mich. 42, 16 N.W.2d 659; Boyle v. Cambridge Gas Light Co., 331 Mass. 56, 117 N.E.2d 150; First Methodist Episcopal Church v. Bangor Gas Co., 388 Pa. 115, 130 A.2d 517.

Judgment affirmed.