Otis FIELDS, Appellant,

v.

**WESTERN KENTUCKY GAS COMPANY,**
Appellee.

Court of Appeals of Kentucky.

Feb. 4, 1972.

---

Clifford Walters, Williams, Walters & Miller, Paducah, for appellant.

Tom Marshall, William E. Scent, Paducah, for appellee.

REED, Judge.

The plaintiff appeals from the action of the trial judge who directed a verdict for the defendant at the conclusion of all of the evidence in this personal injury action. Otis Fields, the plaintiff, was an employee of Presley Plumbing and Heating Company, a firm engaged in the performance of a contract to lay sewer pipe. Fields was instructed by his employer to make repairs to part of a manhole known as an "invert." Fields went down into the sewer manhole referred to as No. 119 in the evidence, and began to work. After he had worked in the manhole for about 20 minutes he felt slightly ill. At this time he struck a match to light a cigarette. Thereupon, an explosion occurred as a result of which he was burned.

The next day the defendant, Western Kentucky Gas, the owner and operator of gas mains in the area, was notified that a customer in the immediate vicinity of manhole No. 119 had smelled gas at the edge of his yard. On the following day, the defendant sent its employees to the location of the complaint. A leak in the gas main was discovered and repaired. The place of this leak was about 189 feet from manhole No. 119.

The plaintiff's evidence showed that a few days before the accident two men had dug down on the outside of the manhole and had removed two sections of pipe. There was some concrete in the sewer pipe on the side toward the place where the gas leak was subsequently found. These two men testified that on this occasion they smelled natural gas. The plaintiff stated that he was not informed of the presence of natural gas and did not smell natural gas when he descended into the manhole. He merely smelled a sour odor which was usually encountered there. The plaintiff also showed that when the defendant's employees investigated the complaint of the customer who smelled gas, one of the employees used a gas detector device and located the presence of gas in the vicinity of the manhole. An engineer, Elmer Hollis, testified on behalf of the plaintiff. His firm had designed the sewer system. He was asked if he had an opinion as to what caused the explosion. His testimony was:

"My opinion, after an investigation and after checking through our diary at the time of the accident, the only possible thing that it would be would be natural gas that had seeped through the wall down through the manhole and escaped through the atmosphere."

The defendant introduced opinion testimony that the probable cause of the explosion was either sewer gas or fumes from a solvent called Can-O-Loc which had been used to seal pipe joints. The defendant also introduced testimony concerning its general practice in the maintenance and

supervision of its gas mains. The same engineer who testified in such positive terms that the cause of the explosion was seeping natural gas also refuted the defendant's evidence concerning these other causes. He stated it was highly improbable that sewer gas would ever get to the vicinity of manhole No. 119 and that Can-O-Loc does not have an explosive quality.

At the conclusion of all of the evidence, the trial judge concluded that the plaintiff had failed to maintain "the burden of proof required in the action." The trial judge stated:

"More specifically, it is the opinion of the Court that the plaintiff had failed to show that the explosion that caused injury to the plaintiff was caused by an explosion of natural gas. *While there is a strong inference that natural gas was the cause of the explosion,* yet it could have been caused by sewer gas or fumes from the solvent or Can-O-Loc used in the repair of the lines." (Emphasis supplied.)

We are unable to agree with the trial court concerning his reason for decision. Upon consideration of a motion for directed verdict, the plaintiff is entitled to the most favorable inferences and construction attributable to the evidence. If such evidence is so regarded and substantially tends to support the cause of action, the verdict should not be directed against him. Current v. Columbia Gas of Kentucky, Ky., 383 S.W.2d 139 (1964).

The plaintiff need not establish a case beyond a reasonable doubt. Although a jury may not be permitted to speculate when the probabilities of an event's having happened in one of two or more ways are equal and there is no evidence as to which way it did happen, it is neither legal "speculation" nor "conjecture" when a jury finds as a fact that an event happened by reason of a particular cause when the evidence on behalf of a party, if believed, is sufficient to show that it is more likely than not that the event occurred as a result of the cause so found. Miller v. Watts, Ky., 436 S.W.2d 515 (1969).

The plaintiff's evidence was circumstantial in the aspect of the gas that was smelled and the location of the break in the main. It was direct in the aspect of the testimony of the defendant's employee who traced the escaping gas to the vicinity of the manhole. It was also direct and positive in the aspect of the testimony of Hollis, the engineer, whose testimony was that the only possible cause of the explosion was the seeping natural gas. Hollis' testimony was attacked by cross-examination but his qualifications to express an opinion were not questioned, and he purported to buttress this opinion by reference to the proved circumstances in the case.

It is not the function of the court to decide how much weight should be given his testimony. That responsibility is the province of the jury. Hence, we conclude as we did in Columbia Gas of Kentucky, Inc. v. Tindall, Ky., 440 S.W.2d 785 (1969), that the plaintiff's evidence concerning the accident was sufficient to support a jury finding that seeping natural gas caused the explosion if the jury chose to believe the evidence. Therefore, the expressed reasoning of the trial judge that because of the existence of other possibilities, the defendant was entitled to a directed verdict is erroneous.

The next inquiry is whether the plaintiff's evidence was sufficient to make a submissible case on the issue of the defendant's negligence. An annotation in 96 A.L.R.2d 996 entitled "Liability of Gas Company for Personal Injury or Property Damage Caused by Gas Escaping from Mains in Street" collects various cases in which the problem is considered, including some of our own opinions. The defendant gas company is generally held to the standard of ordinary care, provided that care is exercised with regard to the dangerous character of the commodity transported through the company's pipes. Although

the gas company is not an insurer, it does have the duty of reasonable inspection and maintenance according to the circumstances of the particular case.

In this case it is conceded that the defendant knew of the sewer construction project, that the defendant's lines were hit and scraped and that the defendant relied on the sewer construction contractor to advise it of damages to the lines. Defendant made no systematic check for leaks in this area where leaks might be foreseeable. Again, according to the plaintiff's evidence, which we must consider in the light most favorable to the plaintiff on a motion for directed verdict, it is shown that natural gas had seeped into this sewer manhole in sufficient quantity as to cause an explosion when ignited. The only natural gas in the area was that for the control of which the defendant was responsible.

It may very well be that a jury would believe the evidence on behalf of the defendant that it patrols, inspects and repairs its gas mains with that degree of care to be expected from a keeper and supplier of natural gas under the circumstances and that it did so on this occasion. That, however, is for the jury to determine; on the present record, we are unable to say that no reasonable man could believe otherwise.

Our conclusion here is consistent with the case of Rollins v. Avey, Ky., 296 S.W. 2d 214 (1956). In the Rollins case there was a failure of proof by the plaintiff of the instrumentality bringing about the explosion. If the plaintiff's evidence in this case is believed, the instrumentality bringing about the explosion was natural gas escaping from the defendant's main and seeping into the sewer manhole. There was evidence that defendant had adopted a national standard of care so far as its duty was concerned. These standards require that distribution mains must be patrolled periodically and the frequency of the patrol must be determined by the severity of the conditions which could cause failure or leakage and the consequent hazards to public safety. We conclude that under the evidence reasonable minds could be persuaded that these standards express that degree of caution to be expected as ordinary care in the circumstances and that the defendant failed to exercise ordinary care.

A final issue is argued concerning the contributory negligence of the plaintiff. The trial court, of course, did not pass upon that issue. According to the plaintiff, he knew nothing of the presence of natural gas prior to entering the manhole pursuant to the instructions of his employer. He stated that there had been no instructions given him not to smoke. Other employees testified that not only had there been no instructions not to smoke but that the employees engaged in the project smoked regularly without incidents and without any prohibition of such conduct. According to the plaintiff's employers, the plaintiff was warned not to smoke because of the probable presence of sewer gas and violated these warnings. Certainly the issue of the plaintiff's contributory negligence is one for the jury, and the defendant is entitled to have the jury properly instructed on this defense. We are unable to say, in view of the conflict in the evidence, that the plaintiff was contributorily negligent as a matter of law. Cf. United Fuel Gas Company v. Thacker, Ky., 372 S.W.2d 784 (1963).

We have confined our discussion to the issues presented by this appeal. We express no opinion concerning the possible liability of the plaintiff's employer either to him or to the defendant gas company. Those issues are not before us.

The judgment is reversed with further proceedings consistent herewith.

All concur.