865 F.2d 256
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William CAMPBELL and Carol Campbell, Plaintiffs-Appellants,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellee.
 No. 87-6106.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1988.
 
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and RICHARD F. SUHRHEINRICH, District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants William Campbell and Carol Campbell ("plaintiffs") appeal the judgment of the district court denying plaintiffs' motion for a new trial or to set aside the judgment of the district court entered after jury verdict in favor of defendant-appellee State Farm Fire and Casualty Company ("defendant"). For the reasons that follow, we affirm.
 
 I.
 
 2
 Plaintiffs commenced the present action on October 22, 1985, by filing a complaint in the Pulaski County Circuit Court, Pulaski County, Kentucky, against defendant alleging that defendant breached its contract to insure plaintiff's home and contents against fire loss. Plaintiffs alleged that within the period of plaintiffs' insurance policy with defendants, plaintiffs suffered a fire loss of their house and contents but that defendant refused to honor its contractual commitment to provide fire loss coverage. Defendant removed plaintiffs' action to the district court, and after pretrial discovery and motions, jury trial began on July 13, 1987. Defendant's theory was that plaintiffs intentionally burned their residence.
 
 
 3
 On July 17, 1987, the jury returned a verdict for defendant, and the district court entered judgment on the jury's verdict. On July 29, plaintiffs moved to set aside the judgment of the district court or, in the alternative, to grant a new trial. Plaintiffs' motion was denied on August 28, 1987, and plaintiffs timely appealed. On appeal plaintiffs argue that: (1) their motion to set aside the jury's verdict should have been granted as there was no evidence to support the defendant's theory of the case; viz., that the plaintiffs set the fire; and (2) that a new trial should have been ordered as the plaintiffs were denied a fair trial as a result of the transferring of their case from Judge Siler's docket to Judge Wilhoit's docket.
 
 II.
 
 4
 "A federal court exercising its diversity jurisdiction applies the standard for directed verdict used by the courts of the state whose substantive law governs the action." Arms v. State Farm Fire and Casualty Co., 731 F.2d 1245, 1248 (6th Cir.1984); Fitzgerald v. Great Central Ins. Co., 842 F.2d 157 (6th Cir.1988); Lewis Refrigeration Co. v. Sawyer Fruit, Vegetable and Cold Storage Co., 709 F.2d 427 (6th Cir.1983). Under Kentucky law, the standard as to the sufficiency of evidence for submission to the jury is as follows:
 
 
 5
 [W]hether the plaintiff has sustained the burden of proof by "more than a mere scintilla of evidence," that is, has the plaintiff submitted "evidence of probative value having fitness to induce conviction in the minds of reasonable men?"
 
 
 6
 Grant v. Wrona, 662 S.W.2d 227, 229 (Ky.App.1983) (quoting James v. England, 349 S.W.2d 359, 361 (Ky.1961)). In ruling upon a motion for directed verdict " '[t]he court must draw all fair and rational inferences from the evidence in favor of the party opposing the motion, and a verdict should not be directed unless the evidence is insufficient to sustain the verdict.' " Id. (quoting 7 Clay, Kentucky Practice, CR 50.01 (3d Ed.1974)).
 
 
 7
 Also, it is well settled under Kentucky law that "circumstantial evidence 'will authorize a submission of the contested issue to the jury,' and is capable of sustaining its verdict." Grant, 662 S.W.2d at 229 (quoting Kelly v. Walgreen Drug Stores, 293 Ky. 691, 170 S.W.2d 34 (1943)). The high court of Kentucky has upheld an arson defense based solely upon circumstantial evidence. In Twin City Fire Ins. Co. v. Lonas, 255 Ky. 717, 75 S.W.2d 348, 350 (Ky.1934), the court stated:
 
 
 8
 With reference to the issue as to the origin of the fire, the evidence is circumstantial only.
 
 
 9
 * * *
 
 
 10
 * * *
 
 
 11
 The rule that neither a court nor a jury is authorized to indulge in speculation or guesswork does not forbid the admission nor destroy the weight of circumstantial evidence. The proof of facts or circumstances from which it can be properly inferred with reasonable satisfaction to the mind that the act sought to be established occurred or was committed is sufficient to authorize the submission of an issue to the jury.
 
 
 12
 Id. at 350 (citations omitted).
 
 
 13
 This court has also indicated that "[a]rson cases typically are difficult to prove." Arms, 731 F.2d at 1249.
 
 
 14
 It has been stated that it is rarely "possible to prove the actual lighting of the match." Klein v. Auto Owners Ins. Co., 39 F.R.D. 24, 26 (D.Minn.1965). Therefore, "courts have long recognized that [arson] can be established in civil cases by circumstantial evidence." Elgi Holding, Inc. v. Ins. Co. of North America, 511 F.2d 957, 959 (2d Cir.1975).
 
 
 15
 Id. (emphasis supplied).
 
 
 16
 In Arms this court noted that "[s]everal courts have upheld jury verdicts where ... there was evidence of arson and financial motive plus some other circumstance tending to cast suspicion upon the insured." Arms, 731 F.2d at 1249. The plaintiffs' argument in the present case is predicated upon the assertion that no evidence was presented connecting them, or anyone acting for them, to the scene of the fire or to the setting of the fire. Brief for Appellants at 4.
 
 
 17
 We note, however, that evidence was presented regarding plaintiffs' potential motive for setting such a fire, opportunity to do so, and that the fire was of an incendiary origin. We find that the evidence presented in this regard was sufficient to create a jury question as to whether the insureds intentionally burned the residence. Also, although plaintiffs rely on Home Insurance Co. of New York v. Crowder, 164 Ky. 792, 176 S.W. 344 (1915); Fratto v. Northern Insurance Co. of New York, 242 F.Supp. 262 (D.Pa.1965); and Garcia v. Aetna Casualty and Surety Co., 657 F.2d 652 (5th Cir. Unit B 1981), we find these cases inapposite and, accordingly, conclude plaintiffs' reliance on them is misplaced. We therefore affirm the judgment of the district court denying plaintiffs' motion to set aside the jury verdict.
 
 
 18
 Plaintiffs also argue that they were denied their rights to a fair trial, see In Re Murchison, 349 U.S. 133, 136 (1955), by the manner in which this case was transferred from the docket of District Judge Siler to the Docket of District Judge Wilhoit. Although plaintiffs claim that as the result of this transfer they have "lost confidence" in the judicial system, it appears that plaintiffs have failed to allege any specific prejudice which resulted to them because of the transfer. Accordingly, the judgment of the district court denying plaintiffs' motion for a new trial based on this argument was proper.
 
 III.
 
 19
 For the reasons stated, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Richard F. Suhrheinrich, United States District Court, Eastern District of Michigan, sitting by designation