Tara RANDLE, et al., Plaintiff,

v.

ALLSTATE INDEMNITY COMPANY, et al., Defendants.

Case No. 3:08CV1746.

United States District Court, N.D. Ohio, Western Division.

July 30, 2009.

Joseph W. Westmeyer, Jr., Joseph W. Westmeyer, III, Westmeyer Law Office, Toledo, OH, for Plaintiff.

Michael J. Manahan, Kate E. Schuyler, Rohrbachers Cron Manahan, David C. Bruhl, Toledo, OH, for Defendant.

## ORDER

JAMES G. CARR, Chief Judge.

This is a breach of contract case. Plaintiff, Tara Randle, along with joined plaintiffs Cliff Gaston and William Gaston, allege that defendant Allstate Insurance Company [Allstate] breached its property insurance contract with Randle by denying her claim for coverage following a fire at her home at 230 N. Schwamberger, Holland, Lucas County, Ohio. Allstate brings a counterclaim alleging breach of the terms and conditions of the contract.

Plaintiffs are residents of Ohio. Defendant Allstate is incorporated in Illinois. Jurisdiction exists under 28 U.S.C. § 1332. This case was removed to federal court from the Common Pleas Court of Lucas County, Ohio under 28 U.S.C. §§ 1441 and 1446.

Pending is Allstate's motion for summary judgment under Fed.R.Civ.P. 56. [Doc. 18]. For the reasons discussed below, Allstate's motion shall be granted.

### Background

On December 1, 2006, William Gaston sold the Schwamberger property to Randle through Power of Attorney of his son, Cliff Gaston. Randle purchased the home for $200,000. On February 2, 2007, she obtained her Allstate insurance policy. On June 18, 2007, at approximately 11:58 pm, a fire damaged the home. Randle alleges that the damages exceeded $200,000.

Cliff Gaston and Randle are childhood friends. Cliff hired Randle to work as his secretary approximately six months before selling her the Schwamberger property. When Cliff hired Randle, she had been unemployed and living with family and friends for five years. As Cliff's secretary, Randle works forty hours per week, and earns $600 weekly.

Randle testified that in March or April, 2007, she began working three twelve-hour shifts at Victorian Manor, which Cliff owns. Despite the additional thirty-six hour a week workload, she allegedly continued to receive $600/week for her secretarial services. Randle has no other source of income and has no documentation of her secretarial services. No payroll or W–2 documentation exists. Randle initially stated she had no 1099 tax form, but later produced the form.

Cliff applied Randle's earnings directly to the $10,000 down payment so that Randle could purchase the Schwamberger property. He also applies her earnings, taken from her paycheck every few weeks, to payments for the property. Randle testified that no records of these payments exist, and that Cliff pays her approximately $200 of her earnings—the rest he applies to payments for the home.

Randle purchased the Schwamberger property without having it appraised. In 2004, the property sold for $135,000. In 2005, William Gaston purchased it for $145,000. Randle purchased the property for $200,000 in 2006—the sale price thus increasing forty percent in two years.

The house was empty at the time of the June 18th fire. Randle testified that the night of the fire she slept in a friend's basement. Randle's children lived with her mother. Randle had not been in the home for five days prior to the fire. Randle learned of the fire the next morning, when the State Fire Marshall called her mother, Lela Traynum, looking for her. Randle's daughter drove her to the property.

According to the Spencer Township Fire Department, all the doors of the home were locked when the fire truck arrived. The roof over the northeast section of the home collapsed during the fire. The fire started in the master bedroom, which suffered the most damage. The floor of the master bedroom had an irregular burn pattern between the bed and sitting area; the patterns indicated the fire came from the floor level between the bed and the sitting area.

Only Randle had a key to the property. There was no evidence of a forced break-in. Genevieve Buress, a certified fire investigator hired by Allstate, echoed the fire investigator's findings.

Allstate brings its motion for summary judgment [Doc. 18] on three grounds. First, Allstate raises the arson defense, and asserts that plaintiffs either intentionally perpetrated, or caused to have someone intentionally set fire to the property. Second, Allstate asserts that plaintiffs concealed and/or misrepresented material facts and/or circumstances during the investigation, and therefore plaintiffs breached the policy, making it void. Finally, Allstate argues that plaintiffs breached the policy by failing to produce information in response to Allstate's reasonable requests while processing the insurance claim.

In response, Randle argues that no evidence supports Allstate's claim that she or anyone else committed an intentional or criminal act and that I cannot grant summary judgment on the basis of circumstantial evidence because, to do so, I would have to weigh the evidence. She also reasons that her failure to produce all the information asked of her does not amount to misrepresentation because she did possess the documents containing the requested information.

### Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The moving party bears the initial burden of informing the district court of its motion's basis, and identifying the record's portions demonstrating the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. 2548. The non-moving party then "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (quoting Fed.R.Civ.P. 56(e)). The non-moving party cannot rest on its pleadings or reassert previous allegations; rather, the non-movant must show that there is more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Rule 56(e) "requires the non-moving party to go beyond the (unverified) pleadings" and present concrete evidentiary material for its position's support. *Celotex, supra*, 477 U.S. at 324, 106 S.Ct. 2548.

In evaluating motions for summary judgment the evidence must be evaluated

in the light most favorable to the non-moving party. *Eastman Kodak Co. v. Image Technical Services.*, 504 U.S. 451, 456, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992).

### Discussion

### 1. Circumstantial Evidence may be Used to Grant Summary Judgment

Allstate seeks summary judgment on the basis of the arson defense and uses circumstantial evidence to support its assertion of the defense. Randle argues that I may not consider circumstantial evidence in determining whether to grant summary judgment. This is so, Randle argues, because doing so would involve weighing the evidence and credibility of the witnesses.

 Circumstantial evidence, however, should be treated no differently than direct evidence and may serve as a basis for summary judgment. The fact that I may not weigh the evidence, speculate or guess "does not forbid the admission [ ]or destroy the weight of circumstantial evidence." *Campbell v. State Farm Fire and Cas. Co.*, 1988 WL 134522, at *2 (6th Cir.).

Federal courts treat circumstantial evidence and direct evidence equally. The Federal Jury Practice and Instructions state, "evidence may be direct or circumstantial ... You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence." 3 Kevin E. O'Malley et al., *Federal Jury Practice and Instrs.* § 101.42 (5th ed.2000).

Our Circuit does not have model instructions for civil cases, but the Ninth Circuit adopted the language used in O'Malley, *supra*. Ninth Cir. Jury Instr. Comm., *Manual of Model Civil Jury Instr. for the Dist. Cts. Of the 9th Cir.*, § 1.9 (2007 ed.). The Seventh, Third, and Eighth Circuits have adopted similar language. *See* The Comm. on Pattern Civil Jury Instrs. of the

7th Cir., *Federal Civil Jury Instrs. of the 7th Cir.* § 1.9 (2008 ed.); Comm. on Model Civil Jury Instructions Within the 3rd Cir., *Model Civil Jury Instrs. for the Dist. Cts. of the 3rd Cir.*, § 1.6 (2008 ed.); Comm. on Model Jury Instrs. 8th Cir., *Manual of Model Civil Jury Instrs. For the Dist. Cts. of the 8th Cir.*, § 1.02 (2005); *see also Brawner v. Allstate Indem. Co.*, 2007 WL 4358223, at *8 (E.D.Ark.) ("The fact that evidence is circumstantial does not render it insubstantial as our law makes no distinction between direct evidence of a fact and circumstances from which it might be inferred.").

Courts, furthermore, have recognized that arson can be established in civil cases by circumstantial evidence. *See, e.g., Arms v. State Farm Fire & Cas. Co.*, 731 F.2d 1245, 1249 (6th Cir.1984) (holding that arson cases can be proved by circumstantial evidence and noting that in such cases direct evidence is often unavailable).

 On summary judgment, the non-moving party must show that there exist genuine issues of material fact that necessitate review by a jury. That Allstate uses circumstantial evidence to support its summary judgment motion does not alter the nonmoving party's burden. In this case, therefore, Randle has the burden of demonstrating that a genuine issue of material fact exists, by either producing differing evidence or proposing alternative inferences or theories.

### 2. Arson as an Affirmative Defense

 Having established that I may consider the circumstantial evidence presented by Allstate, I analyze whether in this case it supports Allstate arson defense. The arson defense consists of three elements: 1) fire of an incendiary origin; 2) motive on the part of the insured; and 3) opportunity of the insured to cause the fire. *Caserta v. Allstate Insurance Co.*, 14

Ohio App.3d 167, 470 N.E.2d 430, 433 (1983).

Allstate presents expert reports stating that the fire was incendiary. Randle does not refute this claim. The first element of the arson defense is thus established.

■ To demonstrate motive, Allstate presents evidence that both Randle and Cliff Gaston had financial motive to set the fire. Allstate hired Mike Sherwood of Johnson, Cambra & Libbert, Inc., a forensic accounting firm, to investigate Randle, and Cliff and William Gaston. The accountants discovered that Randle needed money. She had no job for five years prior to working for Cliff. Her house payments in proportion to her income exceeded industry guidelines. Toledo Edison, moreover, had recently cut off power to her home because it had not received payment. Randle was also behind payment on her water bill.

William and Cliff Gaston failed to provide information Allstate requested; therefore, Allstate could not complete reports on them. Sherwood, Allstate's financial expert, was only able to opine on their financial situation through documents subpoenaed by Allstate. Sherwood found that the Gastons also were struggling financially. Recent tax returns reported no taxable income and little adjusted gross income. The amounts in their bank accounts were declining.

In response to this evidence, Randle merely argues that because of incomplete records, the accounting reports for William and Cliff Gaston cannot constitute valuable evidence. Plaintiffs, however, cannot benefit from their failure to document their financial arrangement further.

Randle fails to present any contradictory evidence or alternative theories that raise a genuine issue of material fact with regard to the second element of the arson defense. Allstate, therefore, successfully establishes this element.

■ The third element of the arson defense is opportunity to start the fire. Allstate showed all the doors were locked and secure when the fire department arrived. Randle alone had a key to the property. There were no signs of a break-in.

In response, Randle presents evidence to show that she worked many overtime hours on the days close to the date the fire occurred, worked over ten miles away from her home and has no driver's license. She argues these facts create a dispute of fact as to an opportunity to set the fire.

I disagree: on the basis of the evidence—and despite its largely circumstantial nature—no rational trier of fact could reach any other conclusion other than that contended by Allstate. No evidence contradicts its contention that someone deliberately set the fire, Randle had pecuniary motivation to start the fire, and she alone had or controlled access to the premises when fire broke out in her locked home.

### Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT defendant's motion for summary judgment [Doc. 18] be, and the same hereby is granted.

So ordered.