RENDERED: SEPTEMBER 25, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0022-MR

ROBIN HITE                                                                                      APPELLANT

v.               APPEAL FROM JEFFERSON CIRCUIT COURT
                 HONORABLE A.C. MCKAY CHAUVIN, JUDGE
                 ACTION NO. 12-CI-002926

C&M SERVICES OF KENTUCKY, INC.
d/b/a PAUL DAVIS RESTORATION OF
LOUISVILLE                                                                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, DIXON, AND MCNEILL, JUDGES.

ACREE, JUDGE: Robin Hite appeals the Jefferson Circuit Court's December 5,
2018 order granting a directed verdict in favor of C&M Services of Kentucky, Inc.
d/b/a Paul Davis Restoration of Louisville. Finding no error, we affirm.

## BACKGROUND

In the summer of 2011, Hite experienced some water damage to her home in Louisville, Kentucky. She contacted her insurer who dispatched Matt Medley, an adjuster for C&M Services, to meet her at her home. Medley inspected the home and Hite signed a work authorization for the repairs. C&M Services then sent its project manager, Nick Lang, to meet with Hite.

As part of the work authorization, Hite agreed to leave her house key in a code-entry key box so various authorized contractors could enter her home and perform work while she was away. The work authorization stated the "owner agrees to properly remove, store or protect" items such as jewelry, antiques, and other personal items. Hite hid all her valuables in her bedroom.

From October through January, C&M Services' agents made repairs to the roof, chimney, drywall, kitchen, and bath. Hite separately contracted with Lang and his employee, Joshua Spry, to perform additional work at her home.[1]

In December, Hite began noticing some pieces of jewelry were missing, but did not report it to the police until early January when she noticed even more jewelry gone. Thereafter, Hite removed her key from the key box and would only permit repair work when she was present in her home.

---

[1] Lang owned "Lang Property Services . . . [and] Spry was employed by Lang Property Services[.]" *Hite v. C&M Servs. of Kentucky, Inc.*, No. 2014-CA-000210-MR, 2015 WL 128127, at *1 (Ky. App. Jan. 9, 2015). The additional work was unrelated to the water damage.

-2-

A few days later, Hite returned home from work and found her door was kicked in, and the remainder of her jewelry was gone. The key box had been opened but, because Hite removed it, there was no key in the box. When the police completed their investigation, Spry was arrested and soon convicted of the thefts.

Hite sued C&M Services for negligent selection and negligent supervision of Spry. After some discovery, the circuit court granted summary judgment in favor of C&M Services, but this Court reversed the judgment and remanded the case. *See Hite v. C&M Servs. of Kentucky, Inc.*, No. 2014-CA-000210-MR, 2015 WL 128127 (Ky. App. Jan. 9, 2015). After further discovery, the circuit court held a two-day jury trial on December 3-4, 2018.

Although discussed in the record, the evidence Hite offered to show Spry was unfit for employment was never admitted as proof. Hite sought to introduce evidence of a pending drug charge that occurred after the jewelry theft and evidence of the jewelry theft conviction itself. The circuit court reserved ruling on the admissibility of this evidence until Hite laid a proper foundation, which Hite never did.[2] Hite offered no other evidence to support the claim that Spry was unfit for employment by Lang or C&M Services and, consequently, she offered no evidence that Lang or C&M Services knew he was unfit.

---

[2] Additionally, Hite failed to include on her exhibit list the documentary evidence of the charges and conviction for the jewelry theft, and Hite did not move the court to amend the exhibit list.

C&M Services made a timely motion for directed verdict which the circuit court granted.  In pertinent part, the order directing the verdict stated:

> [V]iewing the evidence *of record* in a light most favorable to [Hite], there is no evidence *of record* from which a jury could reasonably conclude that:  (1) [C&M Services] knew or should have known that the employee in question was unfit for the job for which he was employed; and/or (2) that he was unfit for [the] job for which he was employed; and/or (3) that his placement or retention at the job created an unreasonable risk of harm to [Hite].

(Order, December 5, 2018; Record (R.) at 848 (emphasis in original).)  The case was dismissed, and this appeal followed.  Additional facts will be set out as necessary to the Court's analysis.

## STANDARD OF REVIEW

The standard of review for an order granting directed verdict pursuant to CR[3] 50.01 is well-settled in the Commonwealth:

> When engaging in appellate review of a ruling on a motion for directed verdict, the reviewing court must ascribe to the evidence all reasonable inferences and deductions which support the claim of the prevailing party. *Meyers v. Chapman Printing Co., Inc.*, Ky., 840 S.W.2d 814 (1992). Once the issue is squarely presented to the trial judge, who heard and considered the evidence, a reviewing court cannot substitute its judgment for that of the trial judge unless the trial judge is clearly erroneous.

*Bierman v. Klapheke*, 967 S.W.2d 16, 18 (Ky. 1998) (citation omitted).

---

[3] Kentucky Rules of Civil Procedure.

## ANALYSIS

In *Smith v. Norton Hospitals, Inc.*, this Court summarized the plaintiff's evidentiary burden in cases such as this, as follows:

> Generally speaking, in order to prevail in claims of this nature an injured party must prove that "(1) the employer knew or reasonably should have known that an employee was unfit for the job for which he was employed, and (2) the employee's placement or retention at that job created an unreasonable risk of harm to the plaintiff." *Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 733 (Ky. 2009) (citing *Oakley v. Flor-Shin, Inc.*[,] 964 S.W.2d 438, 442 (Ky. App. 1998)). Similarly, an employer may be held liable for negligent supervision if he or she knew or had reason to know of the risk that the employment created. *McDonald's Corp. v. Ogborn*, 309 S.W.3d 274, 291 (Ky. App. 2009).

488 S.W.3d 23, 32 (Ky. App. 2016). Therefore, a plaintiff cannot avoid a directed verdict without getting some evidence into the record supporting each element of the cause of action. *See Jewish Hosp. & St. Mary's Healthcare, Inc. v. House*, 563 S.W.3d 626, 632 (Ky. 2018) (quoting *James v. England*, 349 S.W.2d 359, 361 (Ky. 1961) ("controlling single question . . . is whether the plaintiff has sustained the burden of proof by 'more than a scintilla of evidence'")).

In this case, the circuit court twice emphasized that there was no evidence "of record" that Spry was unfit for the job, or that C&M Services knew or should have known Spry was unfit for the job, or that Spry's presence on the job created an unreasonable risk of harm to Hite. When an appellant is striving to

-5-

overcome such rulings by the circuit court, she should direct this Court to evidence in the record that at least contradicts them. Hite has failed to do this.

Instead, Hite argues only that C&M Services' "failure to make any effort to vet or supervise those to be granted access to Hite's residence creates a question for the jury as to whether [C&M Services] exercised reasonable care to protect Hite's property. . . . The risk created by sending an individual with felonious tendencies into the home of a vulnerable person is foreseeable through common sense." (Appellant's brief, pp. 4-5.) However, Hite presented no evidence Spry had "felonious tendencies" that a more thorough "vetting" of Spry would have revealed.

Citing *Williams v. Kentucky Department of Education*, 113 S.W.3d 145, 151 (Ky. 2003), Hite argues that "vicarious liability attaches" under these facts, making the principal, C&M Services, liable for the acts of its agent, Spry. (Appellant's brief, p. 7.) Not so. Hite never brought such a claim. More importantly, if she had, the claim would have failed because, as *Williams* says: "Under common law principles of agency, a principal is vicariously liable for damages caused by torts of commission or omission of an agent or subagent, other than an independent contractor, *acting on behalf of and pursuant to the authority of the principal*." 113 S.W.3d at 151 (emphasis added). "The distinction between these types of claims 'being, "respondeat superior" is based upon the

employer/employee relationship and imposes strict liability, whereas claims of negligent hiring/retention focus on the direct negligence of the employer which permitted an otherwise avoidable circumstance to occur.'" *Feltner v. PJ Operations, LLC*, 568 S.W.3d 1, 6 (Ky. App. 2018), *disc. rev. denied* (Ky. Mar. 6, 2019) (quoting *Ten Broeck Dupont*, 283 S.W.3d at 734).

Hite attempts to graft onto her cause of action the strict liability characteristic of respondeat superior liability so that C&M Services would be deemed liable merely upon her proof that "[n]o background checks [we]re performed . . . ." (Appellant's brief, p. 8.) As *Feltner* and *Ten Broeck* point out, claims of negligent selection or supervision do not impose strict liability. And, as the circuit court indicated, based on the evidence *of record*, a background check would not have shown Spry had "felonious tendencies" such that employing him would create a risk of harm to Hite.

A directed verdict is appropriate whenever the plaintiff fails to present any evidence supporting even one element of a cause of action. In this case, the circuit court determined there was no evidence to support three elements.[4]

---

[4] Although *Ten Broeck Dupont, Inc. v. Brooks* lists only two elements, the first is really a combination of two of the ultimate facts the jury must decide – that the employee is unfit, and that the employer knew or should have known of the employee's unfitness. 283 S.W.3d at 733 ("[(a)] the employer knew or reasonably should have known that [(b)] an employee was unfit"). The circuit court in this case properly analyzed the elements in this way.

## CONCLUSION

For the foregoing reasons, the Jefferson Circuit Court's December 5, 2018 order is affirmed.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Thomas J. Schulz
Louisville, Kentucky

BRIEF FOR APPELLEE:

Joseph P. Hummel
Louisville, Kentucky